UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLIO PHILLIPS,<br><br>                              Plaintiff,<br><br>-against-<br><br>LEONARD RUSS AND LINDA MYERS RUSS D/B/A BAYBERRY CARE CENTER; UNITED FOOD AND COMMERICAL WORKERS UNION,<br><br>                              Defendants. | 23-CV-8283 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981, alleging that her employer discriminated against her based on her race. Named as Defendants are "Leonard Russ and Linda Myers Russ D/B/A/ Bayberry Care Center" ("Bayberry") and the United Food and Commercial Workers Union (the "Union"). The Court construes the complaint as also attempting to assert claims against Defendants under the National Labor Relations Act ("NLRA"). By order dated September 22, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff was formerly employed as a Certified Nursing Assistant ("CNA") at Bayberry, which Plaintiff describes as a rehabilitation center. (ECF 1, at 28.) The United Food and Commercial Workers Local 2013 is the exclusive bargaining representative of Bayberry's full-

time CNAs, a recognition embodied in a series of collective bargaining agreements ("CBA"). (*Id.* at 28-29.)

Plaintiff brings her claims using the court's employment discrimination complaint form and checks off boxes on the form to indicate that she is bringing claims for discrimination based on her race and color under Title VII and 42 U.S.C. § 1981. In the space provided on the form to explain how her employer discriminated against her on the basis of her race or color, Plaintiff states, "Because I was [B]lack and supervisor was white." (*Id.* at 3.) In the "facts" section of the complaint form, Plaintiff alleges that, on or around October 1, 2021, she filed a complaint with the National Labor Relations Board ("NLRB") to decertify her union because "the union organizers join into take workers money that was given to us by the State." (*Id.* at 5.)[1]

The remaining allegations and information are taken from documents attached to the complaint form. On February 11, 2022, Plaintiff filed a charge against Bayberry with the NLRB. In that charge, Plaintiff alleges that on or about November 11, 2021, Bayberry terminated her employment in retaliation for engaging in protected activities, specifically for "being a vocal critic of a recent wage increase agreed upon by [Bayberry] and the Union" and for filing a union decertification petition. (*Id.* at 28.) On the same date, Bayberry denied Plaintiff's request for representation during a disciplinary investigation. She further alleges that Bayberry improperly "made a promise of benefits to employees if they withdrew [the] decertification petition" in order to discourage protected activity. (*Id.*) Plaintiff's complaint to the NLRB was assigned case number 02-CA-289459.

---

[1] The Court quotes the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless otherwise indicated.

Plaintiff attaches an affidavit alleging facts in support of her claims in NLRB case No. 02-CA-289459. (*See id.* at 29-37.) In August 2021, after the CBA expired, Plaintiff and some co-workers circulated a petition requesting that the union no longer be recognized as their bargaining representative. (*Id.* at 30.) Plaintiff personally delivered the petition to Leonard Russ. It appears that the Union continued negotiating a new contract, and Plaintiff took issue with the structure of a raise that was negotiated and believed the proposed CBA was "only favorable to the Employer." (*See id.* at 31-32.) In October 2021, Plaintiff circulated a decertification petition. (*Id.* at 33.) On or around October 29, 2021, she mailed Bayberry and the Union a copy of the decertification petition and filed it with the NLRB. (*Id.* at 34.)

Plaintiff alleges that, in the several weeks following the filing of the petition, her employer retaliated against her by assigning her a greater number of patients to care for, requiring her to redo tasks she already completed, asking her to withdraw the petition, and subtly threatening her with loss of her job. On November 11, 2021, Plaintiff was called in to speak with Judy Russ in her office. Russ accused Plaintiff of failing to keep a resident "tidy" and of failing to weigh the residents. Later that day, Plaintiff was again called into Russ's office, where she was again accused of failing to perform certain tasks, denied the presence of a union representative, and fired. (*See id.* at 36-37.)

Plaintiff also attaches a charge against the Union that she filed with the NLRB, which is dated February 28, 2022. (*See id.* at 39.) In that charge, Plaintiff alleges that the union violated the NLRA "by refusing to process" her grievance "regarding her discharge for arbitrary or discriminatory reasons or in bad faith." (*Id.*) That charge appears to have been assigned case number No. 02-CB-291657.

Plaintiff attaches a supplemental affidavit submitted to the NLRB in support of case No. 02-CB-291657. In September 2021, a Union representative, Katie Coombs, told Plaintiff that Leonard Russ does not want Plaintiff "making statements" in front of other employees and that he may try to fire her. (*Id.* at 58.) On November 12, 2021, Coombs texted Plaintiff and told her she had heard that Plaintiff had been fired and asked if she would like to file a grievance. Plaintiff said she would, and Coombs informed her that the Union would investigate and file a grievance. A grievance meeting was scheduled by Coombs to take place with the Union and Bayberry on Zoom. Plaintiff informed Coombs that she could not do a remote meeting because she did not have a phone capable of using Zoom. After scheduling difficulties, Coombs told Plaintiff that the "only options" were for her to join by Zoom or that she could assist Plaintiff with public transportation to the Union's Brooklyn office so that she and Plaintiff could use Zoom from the office. Plaintiff refused to travel to Brooklyn and told Coombs "there was no reason why they would not come out to the Bronx." (*Id.* at 60.) The meeting appears to have occurred via Zoom on December 17, 2021, but Plaintiff did not join. Plaintiff has not since contacted Coombs or anyone else at the Union.

Plaintiff also attaches a January 23, 2023 letter from the NLRB Regional Director to Plaintiff. Referencing case No. 02-CA-289459 against Bayberry, the Director stated: (1) by letter dated October 12, 2022, he dismissed Plaintiff's allegations that she was terminated in retaliation for protected union activities or for filing the decertification petition, dismissed her allegation that she was denied union representation during a disciplinary meeting, and retained the remaining charges "for further processing"; (2) Plaintiff was granted an extension of time to appeal the dismissal of the charges, but she did not file an appeal; (3) Plaintiff objected to a settlement agreement that was signed by Bayberry because she did not believe it addressed

Bayberry's violations; (4) that the Regional Director was approving the settlement agreement because "it does not appear that it would effectuate the purposes of the [NLRA] to institute further proceedings at this time"; and (4) that Plaintiff has the right to appeal the decision. (*Id.* at 17-18.)

By letter dated April 4, 2023, the NLRB Office of Appeals denied Plaintiff's appeal of the Regional Director's partial dismissal of her charges. (*See id.* at 15.) By a second letter dated April 4, 2023, the Office of Appeals denied Plaintiff's appeal of the Regional Director's approval of the unilateral settlement agreement "substantially for the reasons in the Regional Director's letter of January 23, 2023." (*Id.* at 13.)

Plaintiff also attaches to the complaint various other handwritten letters that she submitted to the NLRB in the course of her proceedings before it.

Plaintiff does not state the relief she is seeking.

## DISCUSSION

**A.   Title VII and 42 U.S.C. § 1981**

Plaintiff alleges that her employer discriminated against her based on her race, color, religion, sex, and nationality in violation of Title VII and Section 1981. Title VII provides that:

> [i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a). This statute prohibits employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that

6

occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under Title VII. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in a Title VII action for employment discrimination, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against h[er], and (2) h[er] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Section 1981 prohibits racial discrimination in, among other things, all contractual relationships. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994). To state a claim of discrimination under Section 1981, a plaintiff must allege facts showing: "(1) [the] plaintiff[] [is a] member[] of a racial minority; (2) [the] defendant[']s] intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000). "[A] plaintiff must . . . plead . . . that, but for race, [she] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020). "Accordingly, [for a claim of discrimination under Section 1981,] it is insufficient to merely plead that race was a motivating factor in the discriminatory action." *Brown v. Montefiore Med. Ctr.*, No. 19-CV-11474, 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021) (citing *Comcast Corp.*, 140 S. Ct. at 1017-18).

Here, Plaintiff's sole allegation with respect to race is that she is Black and her supervisor is white. (ECF 1, at 3.) She does not allege any facts suggesting that her race was a motivating factor or the but-for cause of any adverse employment action. Plaintiff mentions race only twice

throughout the complaint and the bulk of her allegations appear to be asserting that she was terminated for filing a petition to decertify the union, not because of her race. Plaintiff therefore has not provided facts to suggest that, under Title VII or Section 1981, her employer discriminated against her on the basis of her race. In light of Plaintiff's *pro se* status, the Court grants her leave to file an amended complaint to allege additional facts in support of her Title VII and Section 1981 claims.

**B.      Claims against the Union**

The Court construes the allegations in the attachments to Plaintiff's complaint that her union failed to pursue her grievances as asserting claims that the union breached its duty of fair representation with respect to her employer's alleged violations of the NLRA. When an employee claims that her union breached its duty of fair representation by failing to grieve her complaints, courts typically look to determine whether the union's conduct was arbitrary. *Clarke v. Commc'ns Workers of Am.*, 318 F. Supp. 2d 48, 56 (E.D.N.Y. 2004) (collecting cases). A union acts arbitrarily when it "ignores or perfunctorily presses a meritorious claim," *Samuels v. Air Transp. Loc. 504*, 992 F.2d 12, 16 (2d Cir. 1993), but not where it "fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance," *Cruz v. Loc. Union No. 3 of the Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1154-55 (2d Cir. 1994).

Accordingly, to prevail on her claim, Plaintiff must demonstrate that (1) her grievances had merit, (2) that the union was aware of the grievances, and (3) that the union's conduct in failing to process the grievances was arbitrary. *See Clarke*, 318 F. Supp. 2d at 58-59 (citing *Young v. U.S. Postal Serv.*, 907 F.2d 305, 308 (2d Cir. 1990)). Here, in her charge against the Union to the NLRB, Plaintiff alleges that the Union "refused to process" her grievance relating to her termination. (ECF 1, at 39.) However, in the supplemental affidavit attached to the

complaint, Plaintiff alleges that Coombs, the Union's representative, had investigated her grievance and had scheduled a "grievance meeting" with Plaintiff's employer. (*See* ECF 1, at 58-59.) The meeting was scheduled on Zoom and Coombs offered to assist Plaintiff in downloading Zoom or, if that was not possible, in helping to arrange public transportation for Plaintiff to travel to the union's Brooklyn office to call into the meeting from there. (*Id.* at 59-60.) Despite Coombs's efforts to accommodate Plaintiff, Plaintiff did not join the grievance meeting. (*Id.* at 60.) Furthermore, Plaintiff states that Coombs reached out to her after the meeting to discuss what happened, but Plaintiff did not respond to Coombs's message and has not contacted anyone else at the Union. (*Id.* at 60-61.)

Although Plaintiff alleges that the Union failed to process her grievance, her allegations in the affidavit suggest that the Union investigated the grievance and arranged a meeting with Plaintiff's employer that Plaintiff did not attend. Moreover, it appears that it was Plaintiff who stopped communicating with the union. Plaintiff's allegations do not suggest that the Union "ignore[d] or perfunctorily press[ed]" her claim, *Samuels*, 992 F.2d at 16, or that the Union arbitrarily failed to process her grievance. Plaintiff therefore fails to state a claim that the Union breached its duty of fair representation.

In light of Plaintiff's *pro se* status and the confusing structure of her complaint, the Court grants her leave to file an amended complaint alleging facts suggesting that the Union breached its duty of fair representation with respect to her employer's duties under Section 7 and/or Section 8 of the NLRA, as described below.

**C.      Claims against Plaintiff's Employer**

Plaintiff alleges in her complaint that Bayberry unlawfully discharged her without just cause in retaliation for filing a union decertification petition with the NLRB. In *San Diego Building Trades Council v. Garmon*, 359 U.S. 236, 242-45 (1959), the Supreme Court

established that the NLRB possesses the exclusive jurisdiction to consider claims against an employer based upon sections seven and eight of the NLRA. Thus, "[w]hen an activity is arguably subject to § 7 or § 8 of the [NLRA], the States as well as the federal courts must defer to the exclusive competence of the [NLRB] if the danger of state interference with national policy is to be averted." *Id.* at 245; *see Nat'l Labor Rels. Bd. v. United Food & Comm. Workers Union, Loc. 23, AFL-CIO*, 484 U.S. 112, 114 (1987) (same). Federal courts retain jurisdiction, however, when the employee's statutory claim is collateral to, in other words, it is necessary to the resolution of, a claim that is independently within the court's jurisdiction, *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 50 (1988). "[O]ne such remedy over which federal jurisdiction is well settled is the judicially implied duty of fair representation" that a labor union owes to its members, *Commc'ns Workers of Am. v. Beck*, 487 U.S. 735, 743 (1988) (citing *Vaca v. Snipes*, 386 U.S. 171 (1967)).

Section 8 of the NLRA provides that "[i]t shall be an unfair labor practice for an employer" to: "interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title," 29 U.S.C. § 158(a)(1); "dominate or interfere with the formation or administration" of a labor organization, *id.* § 158(a)(1); discriminate "in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization," *id.* § 158(a)(2); and "discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter," *id.* § 158(a)(4); *see Moore v. U.S. Postal Serv.*, No. 18-CV-9967, 2019 WL 13388322, at *2-3 (S.D.N.Y. July 19, 2019) (Section 7 of the NLRA gives employees the right to engage in collective bargaining activities and Section 8 "prohibits an employer from interfering with an employee's exercise of the rights protected by Section 7").

To the extent plaintiff alleges that Bayberry interfered with or coerced her with respect to her union activity, discriminated against her because of her opposition to the Union, or terminated in retaliation for filing a petition to decertify the Union with the NLRB, her claim falls within the purview of section 8 of the NLRA and therefore, exclusive jurisdiction must rest with the NLRB unless the claim is collateral to plaintiff's fair representation claims against the Union. The only ostensibly collateral claim asserted by Plaintiff of which this Court could exercise independent jurisdiction is Plaintiff's claim that the Union breached its duty of fair representation by failing to grieve her termination. Because the court has dismissed that claim for failure to state a claim, the Court may not rely on it as a vehicle to exercise jurisdiction of Plaintiff's retaliation claim against Bayberry. *See Marquez*, 525 U.S. at 51 (when an employee's fair representation claim "is based in part on an alleged violation of the NLRA, it must be independently supported by some allegations describing arbitrary, discriminatory, or bad faith union conduct"). Accordingly, the Court must dismiss Plaintiff's claims against Bayberry for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

If Plaintiff files an amended complaint to replead her duty of fair representation claims against the Union, she may also replead her claims against Bayberry. If the amended complaint fails to state a fair representation claim against the Union, the Court will dismiss any NLRA claims against Bayberry for lack of subject matter jurisdiction.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

11

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Title VII claim against Bayberry and a valid NLRA claim against the Union and Bayberry, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

If Plaintiff repleads her claims against Bayberry for race discrimination under Title VII or Section 1981, she must allege facts suggesting that her race was a motivating factor or the but-for cause of an adverse employment decision. If Plaintiff repleads her claims against the Union, she must allege facts showing that Union breached its duty of fair representation. To replead her NLSA claims against Bayberry, Plaintiff must both allege sufficient facts to state a fair representation claim against the Union and that Bayberry interfered with her right to collective bargaining in violation of Section 8 of the NLSA.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

   a) the names and titles of all relevant people;
   b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;
   c) a description of the injuries Plaintiff suffered; and

  d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief. An amended complaint form is attached. Plaintiff is encouraged to state the facts giving rise to her claims on the form rather than relying on various documents submitted in the course of other proceedings.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-8283 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for the reasons stated in this order, and the Court will decline, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   December 5, 2023
         New York, New York

                                                /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                           Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

      -against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant.  Addresses should not be included here.)*

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

Jury Trial:  ☐ Yes  ☐ No
        *(check one)*

___ Civ. _____ ( ___ )

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____  Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
*NOTE:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____  Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
*NOTE:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____  Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
*NOTE:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____  New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____  New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

**I.    Parties in this complaint:**

A.    List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name _____
             Street Address _____
             County, City _____
             State & Zip Code _____
             Telephone Number _____

B.    List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant    Name _____
             Street Address _____
             County, City _____
             State & Zip Code _____
             Telephone Number _____

C.    The address at which I sought employment or was employed by the defendant(s) is:

             Employer _____
             Street Address _____
             County, City _____
             State & Zip Code _____
             Telephone Number _____

**II.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

         _____        Failure to hire me.

         _____        Termination of my employment.

         _____        Failure to promote me.

         _____        Failure to accommodate my disability.

         _____        Unequal terms and conditions of my employment.

         _____        Retaliation.

*Rev. 07/2007*                                    2

    _____    Other acts *(specify)*: _____.

    *Note:* *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.
                                                                                                                                                                                      *Date(s)*

C.    I believe that defendant(s) *(check one)*:

    _____    is still committing these acts against me.

    _____    is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

    ☐    race  _____    ☐    color  _____

    ☐    gender/sex  _____    ☐    religion_____

    ☐    national origin  _____

    ☐    age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

    ☐    disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____

    *Note:* *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

III.    **Exhaustion of Federal Administrative Remedies**:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

      _____      has not issued a Notice of Right to Sue letter.

      _____      issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

> *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

    _____    60 days or more have elapsed.

    _____    less than 60 days have elapsed.

## IV.    Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_\_ day of _____, 20\_\_\_.

                Signature of Plaintiff    _____

                Address    _____

                                     _____

                                     _____

                                     _____

                Telephone Number    _____

                Fax Number *(if you have one)*    _____