UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLIO PHILLIPS,

                Plaintiff,

-against-

UNITED FOOD AND COMMERICIAL WORKERS LOCAL 2013; LEONARD RUSS AND LINDA MEYERS RUSS,

                Defendants.

23-CV-8283 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

    Plaintiff, who is proceeding pro se, brings this Action alleging that her former employer discriminated against her on the basis of her race, color, and nationality. The Court construes the amended complaint as asserting employment discrimination claims under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, as well as state law claims under the New York State Human Rights Law. The Court further construes the amended complaint as asserting claims against United Food and Commercial Workers Local 2013, under the National Labor Relations Act. By order dated September 22, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

---

[1] By order dated December 5, 2023, Chief Judge Laura Taylor Swain granted Plaintiff 60 days' leave to file an amended complaint. (ECF 4.) On February 6, 2024, Chief Judge Swain granted Plaintiff's request for a 60-day extension of time to file the amended complaint. (ECF 6.) Because it appeared that Plaintiff had not filed an amended complaint, by order dated April 29, 2024, Chief Judge Swain dismissed the complaint. (ECF 8.) The Clerk of Court entered judgment on May 6, 2024. (ECF 9.) On May 30, 2024, Plaintiff submitted a letter stating that she filed an amended complaint on April 8, 2024. (ECF 10.) The Clerk of Court, however, has no record of Plaintiff submitting an amended complaint on that date. By order dated June 3, 2024, Chief Judge Swain granted Plaintiff 30 days to resubmit the amended complaint. (ECF 11.) Plaintiff filed the amended complaint on June 25, 2024. By order dated September 17, 2024, Chief Judge Swain directed that the action be reopened for further proceedings. (ECF 14.)

## DISCUSSION

**A.      Bayberry Rehabilitation and Care Center**

It is apparent from the amended complaint that Plaintiff seeks to assert federal employment discrimination claims. Such claims, however, may only be brought against an individual's employer. *See Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000). Although Plaintiff seeks to assert employment discrimination claims, she does not name her employer, Bayberry Rehabilitation and Care Center, as a defendant. Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618–19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). Under this rule, courts have added an individual as a defendant in an action, though that individual is not named as a defendant in the complaint, because he or she is mentioned "throughout the body of the [c]omplaint" as involved in the underlying alleged events. *George v. Westchester Cnty. Dep't of Corr.*, No. 20-CV-1723 (KMK), 2020 WL 1922691, at *2 (S.D.N.Y. Apr. 21, 2020); *see Adams v. NYC Dep't of Corrs.*, No. 19-CV-5909 (VSB), 2019 WL 2544249, at *2 (S.D.N.Y. June 20, 2019).

In light of Plaintiff's pro se status and likely intention to assert claims against Bayberry, the Court directs the Clerk of Court to amend the caption of this action to add Bayberry as a defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses Bayberry may wish to assert.

B.  **Order of Service**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants United Food and Commercial Workers Union Local 2013, Leonard Russ, Linda Meyer Russ, and Bayberry Rehabilitation and Care Center through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the amended complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

## CONCLUSION

The Clerk of Court is directed to add Bayberry Rehabilitation and Care Center as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further directed to issue a summons for each Defendant, complete the USM-285 form with the address for each Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   October 1, 2024
         White Plains, New York

                                       KENNETH M. KARAS
                                       United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. United Food and Commercial Workers Union Local 2013
   9235 4th Avenue
   Brooklyn, NY 11209

2. Leonard Russ
   40 Keogh Lane
   New Rochelle, NY 10805

3. Linda Meyer Russ
   40 Keogh Lane
   New Rochelle, NY 10805

4. Bayberry Rehabilitation and Care Center
   40 Keogh Lane
   New Rochelle, NY 10805